UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRADITIONALIST AMERICAN KNIGHTS ) <br> OF THE KU KLUX KLAN, ET AL., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> CITY OF CAPE GIRARDEAU, MISSOURI, ) <br> ) <br>     Defendant. ) | Case No. 1:12CV0151JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (ECF No. 3). This matter is fully briefed and ready for disposition.

## **BACKGROUND**

On September 6, 2012, Plaintiffs Frank Ancona and other members of the Traditionalist American Knights of the Ku Klux Klan (collectively, "KKK") filed a Motion for Preliminary Injunction to prohibit Defendant City of Cape Girardeau, Missouri ("Defendant") from enforcing City of Cape Girardeau, Missouri Code of Ordinances ("Code of Ordinances") § 22-82 while this case is resolved on its merits. Code of Ordinances § 22-82 provides that "No person shall throw or deposit any handbill in or upon any vehicle; provided, however, that it shall not be unlawful in any public place for a person to hand out or distribute a handbill to any occupant of a vehicle who is willing to accept it." Violators of the ordinance can be subject to imposition of a fine, imprisonment, or both. Id.

Plaintiffs plan to distribute handbills in the City of Cape Girardeau on September 28, 2012, and on future, undetermined dates. (Memorandum in Support of Motion for Preliminary Injunction

("Memorandum"), ECF No. 4, p. 1).  In their Motion for Preliminary Injunction, Plaintiffs present a First Amendment challenge to the constitutionality of Code of Ordinances § 22-82.

## STANDARD OF REVIEW

"[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys. v. C L Sys., 640 F.2d 109, 114 (8th Cir. 1981).  "When a plaintiff has shown a likely violation of his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied." Phelps-Roper v. Troutman, 662 F.3d 485, 488 (8th Cir. 2011) (citing Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008)).

## DISCUSSION

Plaintiffs ask the Court to grant its motion for preliminary injunction to preclude the enforcement of Code of Ordinances § 22-82 in anticipation of placing handbills on cars on September 28, 2012 and thereafter.[1]  Plaintiffs claim that they are likely to succeed on the merits based upon binding Eighth Circuit precedent, Krantz v. City of Fort Smith, 160 F.3d 1214 (8th Cir. 1998).  Plaintiffs argue that Code of Ordinances § 22-82 is not narrowly tailored to serve a significant governmental interest and that it fails to leave open ample alternatives for Plaintiffs to convey their messages.  (Memorandum, p. 5).  Plaintiffs also assert that they will be irreparably harmed because they will risk arrest if the ordinance is not overturned.  (Reply to Defendant's Response to Motion for Preliminary Injunction ("Reply"), ECF No. 16, pp. 2-3).  Finally, Plaintiffs claim that the public interest and the balancing of the equities weighs in favor of them because the

---

[1] Plaintiffs never identify the significance of this date.

ordinance infringes on the free speech of people seeking to express their views by placing handbills on parked cars. (Reply, p. 5). And, the freedom of expression under the First Amendment outweighs any "inconvenience of having to dispose of unwanted paper." Id. (quoting Krantz, 160 F.3d at 1221).

Plaintiffs primarily rely on Krantz v. City of Fort Smith, 160 F.3d 1214 (8th Cir. 1998), which struck down similar ordinances that prohibited placing a handbill on any other person's vehicle parked on public property within city limits, unless an occupant of the vehicle was willing to accept the handbill.[2] The Eighth Circuit recognized that "written forms of expression in public forums are subject to reasonable time, place or manner restrictions, but that the restrictions must (1) be content-neutral, (2) be narrowly tailored to serve a significant governmental interest, and (3) leave open ample alternative channels of communication." Krantz, 160 F.3d at 1216. The Eighth Circuit found the restrictions to be content-neutral, but held that the ordinances were not narrowly tailored to serve a significant government interest. Id., at 1219. Specifically, the Krantz Court held that the ordinances suppressed "considerably more speech than is necessary to serve the stated governmental purpose of preventing litter." Id., at 1221. The Court determined that the government interest could be accomplished by less restrictive means, such as punishing the "litterbugs" instead of the leafletters. Id. (citing Schneider v. New Jersey, 308 U.S. 147, 162, 84 L. Ed. 155, 60 S. Ct.

---

[2]The plaintiffs challenged ordinances in Alma, Dyer, Fort Smith and Van Buren, Arkansas. The ordinances in these cities were all substantially similar. For example, Van Buren, Arkansas Ordinance No. 5-1983 provided in relevant part:

SECTION 3. It shall be unlawful for any person to place or deposit any commercial or non-commercial handbill or other hand-distributed advertisement upon any vehicle not his own, or in his possession, upon any public street, highway, sidewalk, road, [or] alley within the City of Van Buren, providing, however, that it shall not be unlawful upon any such street or other public place for a person to hand out and distribute to the receiver therefor, any handbill to any occupant of the vehicle that is willing to accept it.

Krantz, 160 F.3d at 1216.

146 (1939) ("There are obvious methods of preventing littering.  Amongst these is the punishment of those who actually throw papers on the street.")); accord Jews for Jesus, Inc. v. MBTA, 984 F.2d 1319, 1324 (1st Cir. 1993) ("littering is the fault of the litterbug, not the leafletter").  The defendants also failed to establish a "factual basis for concluding that a cause-and-effect relationship actually exists between the placement of handbills on parked cars and litter that impacts the health, safety, or aesthetic well-being of the defendant cities."  Krantz, 160 F.3d at 1221-22.  But, the Court held that even if it were to make that logical connection, "that correlation does not necessarily mean the ordinances are narrowly tailored to serve the purpose of preventing litter."  Id., at 1222.  The Court concluded that the ordinances violated the First Amendment because they curtailed significantly more speech than was necessary to accomplish the government's stated purpose.  Id.

Defendant argues that Code of Ordinances § 22-82, which is part of the City's anti-litter ordinance, does not violate the First Amendment.  (Response to Plaintiff's Motion for Preliminary Injunction and Memorandum of Law ("Response"), ECF No. 15, pp. 2-3).  Defendant also argues that Plaintiffs have not shown any irreparable harm because Plaintiffs have not been charged with violating the ordinance, only the threat the ordinance will be enforced.  (Id., p. 3).

Defendant argues that the Court should follow the Sixth Circuit precedent in Jobe v. City of Catlettsburg, 409 F. 3d 261 (6th Cir. 2005).  In that case, the Sixth Circuit upheld Catlettsburg, KY., City Ordinances, §113.05 that precluded placing handbills on vehicles.[3]  The parties agreed that the

---

[3]§ 113.05 Placing Posters on Vehicles

It shall be unlawful for any person to place or deposit or in any manner to affix or cause to be placed or deposited or affixed to any automobile or other vehicle or other automotive vehicle, any handbill, sign, poster, advertisement, or notice of any kind whatsoever, unless he be the owner thereof, or without first having secured in writing the consent of the owner thereof.

- 4 -

ordinance was content-neutral and viewpoint-neutral. Id., at 266, 268.[4] The court held that the ordinance advanced two significant government interests: "(1) it furthers the government's interest in prohibiting litter and visual blight; and (2)it furthers individuals' interests in having their private property left alone by those who do not have permission to use it." Id., at 268. The court determined that the ordinance advanced the government's interests in a "narrow and constitutionally permissible way." Id., at 269. And, the ordinance left open "ample alternative channels of communication" such as person-to-person leafleting and door-to-door canvassing. Id., at 270. The Sixth Circuit specifically declined to adopt the reasoning of Krantz because it disagreed that the placing paper on a windshield occupied "a place in the long-accepted traditions of leafletting," such as hand-to-hand on public sidewalks or door-to-door in the neighborhood Jobe, 409 F.3d at 274. In addition, the court noted that Krantz's and Jobe's activities "do not readily allow the recipient to opt out of receiving the flier and to opt out of the responsibility for disposing of it." Id.

Here, "[n]o one disputes [the KKK's] right to say [its] piece, repugnant though [its] message be." McCalden v. California Library Ass'n, 955 F.2d 1214, 1230 (9th Cir. 1992); Invisible Empire of Knights of Ku Klux Klan v. Mayor, Bd. of Comrs., etc., 700 F. Supp. 281, 288 (D. Md. 1988)("However repugnant that message may be to the citizens of Thurmont, its public officials, and, indeed, this Court, the KKK has the right to communicate it to the public in some manner."). The sole issue is whether Defendant can limit the method the KKK wishes to use to distribute its message in order to promote Defendant's purported government interest of preventing litter. Although Defendant asks the Court to follow the decision in Jobe, the Court is constrained by the holding of the Eighth Circuit in Krantz v. City of Fort Smith, 160 F.d 1214 (8th Cir. 1998). See Jay

---

[4]As in Krantz, the court recognized that "[t]o qualify as a reasonable time-place-and-manner regulation of speech, the law must (1) be content-neutral, (2) serve a significant government interest, (3) be narrowly tailored to serve that government interest and (4) leave open ample alternative channels of communication." Jobe, 409 F. 3d at 267.

Packaging Group, Inc. v. Mark Andy, Inc., No. 4:10MC00763 ERW, 2011 U.S. Dist. LEXIS 5721, at *4 (E.D. Mo. Jan. 21, 2011)("this Court is bound to follow the established law of the Eighth Circuit"). Based upon the reasoning and holding of Krantz, the Court finds that Plaintiffs will likely succeed on the merits of this case. In addition, the Court finds that the balance of the equities and the public interest weigh in favor of granting the injunction so as to allow freedom of speech. Defendant has not provided any evidence that "a cause-and-effect relationship actually exists between the placement of handbills on parked cars and litter that impacts the health, safety, or aesthetic well-being of" residents of Cape Girardeau. Krantz, 160 F.3d at 1221-22.[5] Thus, Plaintiffs' interest in expressing themselves and the public's interest in receiving that message outweigh any purported governmental interest in preventing litter. See also Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008)("[I]t is always in the public interest to protect constitutional rights."). Finally, the Court finds that Plaintiffs will be irreparably harmed if they are required to risk arrest in order to leaflet. Plaintiffs have satisfied this prong based upon the risk of enforcement of the ordinance for their proposed activities on a specified date. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 129 (2007)(Where there is a "genuine threat of enforcement, we did not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action.").

## **CONCLUSION**

---

[5]The Court afforded the parties an opportunity for an evidentiary hearing but both sides declined and indicated that they wanted the Court to rule based upon the briefs. See ECF No. 18.

For the foregoing reasons, the Court finds that Plaintiffs have established the requirements necessary for a preliminary injunction on its claim under the First Amendment of the U.S. Constitution.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [3] is **GRANTED**. Defendant City of Cape Girardeau, Missouri is preliminarily enjoined from enforcing City of Cape Girardeau Code of Ordinances § 22-82.

**IT IS FURTHER ORDERED** that Plaintiffs must provide a $100 bond for the preliminary injunction to be effective.

Dated this 27th day of September, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE